UNITED STATES DISTRICT COURT
EASTERN DIVISION OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

ROBIN MARY ABRAMS,           )
                             )
    Plaintiff,               )
v.                           )      Case No. 5:13-cv-415-JMH
                             )
CAROLYN W. COLVIN,           )
Acting Commissioner of       )      **MEMORANDUM OPINION & ORDER**
Social Security,             )
                             )
    Defendant.               )
                             )

***

This matter is before the Court upon cross-motions for summary judgment (DE 10, 11) on Plaintiff's appeal, pursuant to 42 U.S.C. § 405(g), of the Commissioner's denial of his application for disability insurance benefits. The Court, having reviewed the record and the parties' motions, will deny Plaintiff's motion and grant Defendant's motion.

**I.**

The Administrative Law Judge ("ALJ"), conducts a five-step analysis to determine disability:

1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.

2. An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.

1

3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.

4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.

5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id*. "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id*.


## II.

Plaintiff was thirty-eight years old at the time of the ALJ's decision (Tr. 21, 199). She had a GED education and past relevant work as a cashier, maid, driver, and assembler (Tr. 221, 242). Plaintiff alleged she was disabled due to anxiety,

2

depression, PTSD, and neck and back problems (Tr. 220). Plaintiff filed applications for disability, disability insurance benefits and Supplemental Security Income (SSI) in January 2011, alleging she became disabled on May 15, 2010 (Tr. 195-205). An ALJ held a hearing in August 2012 and issued a decision in September 2012 finding Plaintiff not disabled (Tr. 7-21, 29-68).

The ALJ considered Plaintiff's claim using the five-step sequential evaluation process (Tr. 12-21). At steps two and three, the ALJ found Plaintiff had severe impairments of degenerative disc disease of the cervical and lumbar spine; depressive disorder; and generalized anxiety disorder with panic features (Tr. 12). The ALJ then found Plaintiff retained the residual functional capacity (RFC) to perform a limited range of light work, except she can only occasionally push and pull with the upper extremities, stoop, kneel, and crouch; she can frequently climb ramps and stairs, but never climb ladders, ropes or scaffolds or crawl; she must avoid concentrated exposure to extreme cold, humidity and vibration and avoid all exposure to unprotected heights (Tr. 14). As for Plaintiff's mental limitations, the ALJ found that Plaintiff is limited to simple, repetitive tasks, with no more than casual and infrequent interaction with co-workers and supervisors in a

3

nonpublic work environment, and she requires a low-stress work setting with no fast-paced assembly lines or production goals or quotas (Tr. 14). At step four, the ALJ found Plaintiff could not perform her past relevant work (Tr. 19).

The ALJ then considered whether Plaintiff could perform other work in the national economy and using the testimony of a vocational expert (VE), the ALJ found Plaintiff could perform other work existing in significant numbers in the national economy such as commercial cleaner, laundry worker, and inspector/tester/grader/sorter (Tr. 20-21, 61-66). The ALJ therefore found Plaintiff was not disabled (Tr. 21).

The Appeals Council denied Plaintiff's request for review on November 15, 2013 (Tr. 1-4). Plaintiff has exhausted her administrative remedies, and this case is ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### III.

Judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g), *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). Substantial evidence is "more than a scintilla of evidence, but less than a preponderance; it

4

is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). This Court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Id.* "As long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion...." *Warner,* 375 F.3d at 390 (quoting Wright v. Massanari, 321 F.3d 611, 614 (6th Cir. 2003); *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)) (internal quotation marks omitted).

## IV.

In her Motion for Summary Judgment, Plaintiff asserts that ALJ should have given more weight to the two examining, consulting physicians, Drs. Atcher and Ford, over the non-examining medical expert, Dr. Dixie Moore. Dr. Moore provided opinion testimony and stated at the hearing that the examining, consulting physicians were relying on Abrams' subjective complaints and were not referencing the results of examinations or testing contained in their reports. The ALJ agreed. Abrams argues, however, that the record does not support that conclusion because Dr. Ford, in particular, outlined the testing procedures performed during his examination of the claimant,

5

including the Rey-15 Item Test, which demonstrated that she was not exhibiting faking or bad behaviors during the examination (Tr. 592), and the BDI-II and BAI, which indicated that she was experiencing severe levels of depression and anxiety. (Tr. 592-93.) Coupling these results with Dr. Ford's examination findings of a depressed and pessimistic mood, flat affect, notably restless motor activity, and tense facial expressions (Tr. 591-92), he urges that the ALJ could not, based on the evidence before him, conclude that Dr. Ford's findings were not supported by testing and examination. Ultimately, he argues that the findings upon examination with respect to her limitations should not have been summarily disregarded by Dr. Moore or the Commissioner.

Generally, a treating physician's opinion receives the most weight. See 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1); *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010). However, in a case where there is no treating source and there are only non-treating, examining sources, the agency generally gives more weight to opinions from sources who have examined the claimant than to those opinions from sources that have not examined her. *See* 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1); *Ealy*, 594 F.3d at 514. In assessing what weight to give the various opinions, the ALJ considers the factors listed in the

6

regulations, such as the consistency of the opinion with the other evidence, whether the opinion is supported by the other evidence in the record, the specialization of the doctor, and other factors. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). Medical experts are considered experts in the Social Security disability programs and their opinions may be entitled to great weight if the evidence supports their opinions. *See* 20 C.F.R. §§ 404.1512(b)(6), 404.1527(f)(2)(i), (iii), 416.912(b)(6), 416.927(f)(2)(i), (iii); SSR 96-6p, 1996 WL 1996 WL 374180 (S.S.A. 1996). Moreover, the testimony of a medical expert may be used to discredit a treating physician's opinion. *See Loy v. Secretary of Health & Human Servs.*, 901 F.2d 1306, 1308-10 (6th Cir. 1990) (ALJ properly relied on opinion of medical advisor over opinion of treating physician); *Atterberry v. Secretary of Health & Human Servs.*, 871 F.2d 567, 570 (6th Cir. 1989) (ALJ properly relied on testimony of medical advisor whose opinion was based on a review of the medical evidence and claimant's testimony).

In the matter before the Court, Dr. Atcher examined Plaintiff in April 2011 (Tr. 503-06). On examination, he observed that she had good eye contact but was fidgety with her hands; her speech was normal; she had logical and goal-directed thoughts; she was mildly depressed and anxious, but she was

7

friendly and cooperative; and her memory was intact (Tr. 504).
Dr. Atcher also noted Plaintiff's own allegations and complaints
about being nervous and having a social anxiety (Tr. 504). Based
on observations and Plaintiff's subjective complaints, Dr.
Atcher opined that Plaintiff could manage her own funds; that
she could reliably carry through on simple tasks, but not
complex directions; and that she would not respond well to the
usual pressures of work due to social anxiety and poor memory
(Tr. 504).

Dr. Ford then examined Plaintiff in May 2012 (Tr. 590-98).
Plaintiff reported to Dr. Ford that she had stopped taking her
medications because she believed they were not helping (Tr.
591). Dr. Ford observed that Plaintiff had restless motor
activity; her attention and concentration were somewhat affected
by her anxiety; she had normal memory capacity; although her
mood was depressed, she had normal speech, appropriate thought
content and adequate judgment, even with some gaps in insight
about her treatment (Tr. 591-92). Dr. Ford also administered
several tests to Plaintiff (Tr. 592-93). One test indicated that
Plaintiff was not malingering and that she could read on at
least a twelfth grade level (Tr. 592). The other test measured
Plaintiff's self-reported symptoms and attitudes associated with
depression and anxiety (Tr. 592). According to Plaintiff's self-

8

report, she was experiencing severe depression and anxiety (Tr. 592-93). Based on this information, Dr. Ford opined Plaintiff would not be able to sustain full-time employment because of her emotional impairments (Tr. 595). Dr. Ford also completed a medical source statement opining on Plaintiff's limitations (Tr. 596-98). The form defines a fair ability as the "ability to function in this areas is limited, but satisfactory" and defines "poor" as the "ability to function in this area is seriously limited but not precluded" (Tr. 596). Dr. Ford opined Plaintiff had a poor ability in such areas as relate to co-workers, deal with the public, deal with work stress, relate with predictability in social situations, and demonstrate reliability (Tr. 596-97). Dr. Ford opined Plaintiff had a fair ability in areas such as following work rules, using judgment, interacting with supervisors, functioning independently, maintaining attention/concentration, maintaining personal appearance, and behaving in an emotionally stable manner (Tr. 596-97).

The ALJ gave these opinions limited weight because he concluded that they were founded heavily on Plaintiff's subjective complaints and because they were not, in his opinion, consistent with the other medical evidence (Tr. 19). The ALJ may give less weight to an opinion that is not based upon objective medical evidence and relies only on subjective complaints. *See,*

9

*e.g., Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 391 (6th Cir. 2004). In this instance, Dr. Atcher and Dr. Ford's opinions are based primarily on subjective complaints and self-reports (Tr. 503-06, 590-98). As the Commissioner explains, while Dr. Ford did administer assessments to Plaintiff during the evaluation, the Beck Depression Inventory and the Beck Anxiety Disorder "measure the symptoms and attitudes associated with depression and anxiety" and are based on Plaintiff's responses and what she indicated were her most severe symptoms (Tr. 592). Dr. Atcher's opinion was also based on Plaintiff's subjective complaints and demonstrates some internal inconsistency (Tr. 503-06). For example, Dr. Atcher noted in his observations that Plaintiff was only mildly depressed and that she had intact memory (Tr. 504). Dr. Atcher, however, then opined that Plaintiff could not reliably carry out complex tasks because of a short attention span and poor short term memory (Tr. 504). While he also observed that Plaintiff was friendly and cooperative during the examination, he found her to be fidgety, then opined that she would not respond well to the usual pressures of the work environment because of social anxiety and panic attacks (Tr. 504). The Commissioner points out that Dr. Atcher did not observe social anxiety or panic attacks during his time with Plaintiff. Rather, his only mention of social anxiety and panic

attacks comes from Plaintiff's self-description of a social phobia (Tr. 504).

Ultimately, there is evidence in the record to support the reasons provided by the ALJ for giving less weight to the opinions of the examining physicians and to credit Dr. Moore over the two examining physicians because her opinion was consistent with the other evidence in the record. Although Dr. Moore did not treat or examine Plaintiff, she reviewed all the relevant medical evidence, and her opinion is supported by the objective medical findings and consistent with the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(3), (d)(4), (f)(2)(iii), 416.927(d)(3), (d)(4), (f)(2)(iii); SSR 96-6p, 1996 WL 374180. The Court concludes, as the Commissioner urges, that the ALJ properly gave great weight to Dr. Moore's opinion (Tr. 18-19). *See Buxton v. Halter*, 246 F.3d 762, 775 (6th Cir. 2001); *Barker v. Shalala*, 40 F.3d 789, 794-95 (6th Cir. 1994); *Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306, 1308-10 (6th Cir. 1990).

## V.

The Court notes, as well, Plaintiff's argument that the ALJ erred when he failed to include Dr. Moore's opinion that Plaintiff had a fair to poor ability to demonstrate reliability (Tr. 47). However, the RFC is a reflection of what a claimant can still do. *See* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1);

SSR 96-8p, 1996 WL 374184, at *2 ("RFC does not represent the least an individual can do despite his or her limitations or restrictions, but the most."). Dr. Moore's testimony regarding reliability was that Plaintiff had a fair to poor ability, suggesting that, at best, she would have a fair ability to demonstrate reliability (Tr. 47). According to the definitions provided in Dr. Ford's assessment form, a fair ability means the ability to function in that area is limited but satisfactory (Tr. 596). Further, Dr. Moore's opinion is consistent with Dr. Atcher's opinion that Plaintiff retained the ability to be reliable for simple tasks and directions (Tr. 47, 504). The ALJ limited Plaintiff in the RFC to simple, routine work (Tr. 14). Further limitations are not supported by the record, and the Court concludes that the ALJ was not required to include those limitations in the RFC or the hypothetical question that were not credible. *See Lee v. Comm'r of Soc. Sec.*, 529 Fed. App'x 706, 715 (6th Cir. 2013); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Thus, the ALJ properly assessed the various medical opinions in evaluating Plaintiff's RFC.

**VI.**

Finally, Plaintiff argues that the Commissioner did not meet his burden to demonstrate that there were a significant

number of other jobs existing in the national economy that Plaintiff could perform because the vocational expert's testimony, on which the ALJ relied in reaching his conclusion, did not include a limitation on her reliability. As the Court has concluded that it was not error to omit that limitation, as explained above, there is no merit to this argument. Because the hypothetical question presented to the VE is supported by substantial evidence, the VE's testimony in response identifying specific jobs that such an individual could perform constitutes substantial evidence supporting the ALJ's decision. *See Foster*, 279 F.3d at 356-57; *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779-80 (6th Cir. 1987).

Nor was the hypothetical question and the VE's response to it insufficient because it somehow demonstrated that there is limited access to the job market for Plaintiff. Even assuming that the ALJ had accounted for an additional restriction arising out of Plaintiff's poor ability to relate to co-workers and deal with work stress, such that the number of available jobs would be reduced by 50% as indicated by the VE, the VE still testified to a significant number of jobs existing in the national economy, which is the standard considered by the ALJ in determining whether a claimant is disabled. See 20 C.F.R. §§ 404.1566, 416.966; Harmon v. Apfel, 168 F.3d 289, 292 (6th Cir.

13

1999). Here, even with a 50% reduction, the VE identified a significant number of jobs.   The commercial cleaning job would have 4,000 jobs in the region and 287,500 jobs nationally; the laundry worker job has approximately 1,000 in the region and 75,000 jobs nationwide; and the inspector/grader/tester/sort has approximately 1150 jobs in Kentucky and 63,500 jobs nationwide. The Sixth Circuit has held in other cases that fewer regional and national jobs than described here constitute a substantial number. *See, e.g., Martin v. Comm'r of Soc. Sec.*,   170 Fed. App'x 369, 375 (6th Cir. 2006) (finding 870 jobs in geographic region a significant number); *Ellison v. Comm'r of Soc. Sec.*, 101 Fed. App'x 994, 997 (6th Cir. 2004) (finding 3,850 jobs in region a significant number); *Stewart v. Sullivan*, 904 F.2d 708 (6th Cir. 1990) (Table) (125 jobs in region and 400,000 in national economy significant). Thus, the ALJ properly relied on the VE testimony in finding that Plaintiff was not disabled because there were a significant number of jobs in the national economy that Plaintiff could perform.

## VII.

Ultimately, Plaintiff has not met her burden of proving her condition caused disabling limitations. *See* 42 U.S.C. §§ 423(d)(5)(A), 1382(a)(3)(H)(i); 20 C.F.R. §§ 404.1512(a), (c), 404.1529(a), 416.912(a), (c), 416.929(a); *Foster*, 279 F.3d at

14

353; *Bogle*, 998 F.2d at 347. The ALJ properly considered the relevant evidence and performed his duty as the trier of fact of resolving any conflicts in the evidence. *See Walters*, 127 F.3d at 528. Substantial evidence supports the ALJ's assessment of Plaintiff's RFC and hypothetical question to the VE. Therefore, the VE's testimony provides substantial evidence to support the ALJ's finding that Plaintiff could perform other work. *See Foster*, 279 F.3d at 356-57; *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779-80 (6th Cir. 1987). Substantial evidence supports the ALJ's findings and his conclusion that Plaintiff was not disabled within the meaning of the Social Security Act.

For all of the reasons stated above, the Court concludes that Summary Judgment in favor of Defendant is warranted. Accordingly, **IT IS ORDERED:**

(1) that Plaintiff's Motion for Summary Judgment [DE 10] is **DENIED;** and

(2) that Defendant's Motion for Summary Judgment [DE 11] is **GRANTED.**

This the 14th day of April, 2015.



**Signed By:**

*Joseph M. Hood*

**Senior U.S. District Judge**

15